UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CONVENIENT GRAB & GO CORP.**, *Plaintiff*; *vs.* **UNITED STATES OF AMERICA**, and **UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE**, *Defendants*. | CASE NO. 1:25-CV-007361 **COMPLAINT** |

Plaintiff Convenient Grab & Go Corp., through counsel, The Privacy Firm PC, complaining of defendants United States of America and United States Department of Agriculture, Food and Nutrition Service (USDA or the Agency), in the above-entitled action, respectfully allege that:

1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and Section 279.7 of the Regulations of the USDA, Food and Nutrition Service (7 C.F.R. § 279.7).

2. Plaintiff Convenient Grab & Go Corp. (the Store) is a New York general corporation having its principal place of business at 566 West 126th Street, New York, NY 10027-2424, which exists as a direct-to-consumer retail grocery store.

3. After establishing the business, plaintiff submitted an application to the USDA, Food and Nutrition Service for authorization to participate as a retail owner in the federal food stamp program known as "SNAP" (Supplemental Nutrition Assistance



Program). After plaintiff's application was approved by the Agency, the store began participating in SNAP. Prior to the incidents that gave rise to this proceeding, plaintiff's performance and record in SNAP had been exemplary and unblemished.

4. By letter of charges dated Mar. 11, 2024, the Agency informed plaintiff that they were charged with violating Section 278.2(a) of the SNAP regulations, as a result of accepting EBT payments in exchange for merchandise, which, in addition to eligible foods, included nominal, common non-food items on three occasions.

5. The Agency attached the investigative transaction reports to the charge letter, indicating that on more than one occasion an ineligible item was sold and paid for using SNAP benefits/funds, and that as a result, plaintiff's business was being considered for a six-month SNAP disqualification, or the imposition of a civil money penalty, if applicable, in lieu of disqualification.

6. In response to the charge letter, within ten days of receipt of same, plaintiff, through its representative submitted a timely response, refuting the allegations of SNAP regulations violations, requesting material information about the so-called "investigation," pursuant to the Freedom of Information Act (FOIA), and requesting the imposition of a civil money penalty (CMP) in lieu of disqualification.

7. Without considering plaintiff's written oppositions to the charge letter, on Apr. 30, 2025, the Agency issued a determination summarily concluding that the alleged violations did in fact occur, that plaintiff will therefore be disqualified from SNAP participation, and rejected plaintiff's request for the imposition of a CMP in lieu of disqualification.

8. That decision was made without plaintiff being afforded due process, including the opportunity to confront and cross-examine witnesses, review unredacted information in the Agency's reports, and the investigations and documents concerning



same, and to receive complete and unredacted documents pursuant to plaintiff's FOIA demands, so they would be furnished all discovery material that form the basis of the charges lodged against them, which is necessary to prepare an adequate defense against the Agency's charges.

9.  Plaintiff timely requested administrative review of the Agency's final determination and submitted a brief setting forth the reasons the agency's determination is unsupported by competent or credible evidence, and that the proposed sanction of a six-month disqualification from SNAP was excessive and unwarranted.

10.  On or about Aug. 7, 2025, plaintiff received the final agency decision sustaining the Agency's earlier determination and ordering that the six-month period of disqualification was in fact being imposed. A true copy of the final agency decision is annexed to this complaint as Exhibit 1 (Final Agency Decision).

11.  The Agency then deactivated plaintiffs' EBT terminal on or about Jun. 17, 2025, which was prior to the expiration of the 30-day statutory period seeking judicial review of the Agency's punitive action.

12.  Plaintiff now files this timely suit for judicial review to set aside the Agency's determinations and decisions in accordance with the provisions of 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, and request an emergency stay of the agency's imposition of sanctions against plaintiff prior to the expiration of the statutory period for initiating this judicial review.

13.  Plaintiff categorically denies each and every charge or violation set forth by the USDA, which constitute the grounds for SNAP disqualification as described in the charge letter.

14.  The Agency's decision to disqualify plaintiff from participation in SNAP is arbitrary and capricious, and without merit for the following reasons:



a) The failure of the Agency's investigators to obtain positive identification of plaintiff's purported employees during the instances in which the investigators alleged that a clerk of plaintiff's store allegedly sold the ineligible item(s) and where plaintiff denies that such a person as identified in the transaction reports worked in plaintiff's store on the dates and times in question.

b) The fact that all the so-called ineligible items allegedly sold were inexpensive, common household items, based on the purported notations in the investigator's reports.

c) The unsuccessful attempt to have the store employee engage in accepting SNAP benefits for cash, *i.e.*, "trafficking," as noted in the investigator's reports, and that there is no direct evidence that plaintiff engaged in "trafficking."

d) The Agency's failure to provide the time spent in the store on each investigative visit—namely the times of entry and departure—deprives plaintiff of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

e) Plaintiff has not been afforded an opportunity to confront and examine witnesses, particularly the Agency's investigator who purportedly investigated plaintiff's business and charged them with violations of SNAP Regulations.

15. In addition, the Agency has failed to consider the following factors and evidence in their decision:



a) The fact that plaintiff is a brand-new SNAP merchant, which had only been participating in the SNAP program for four months when the Agency sent its undercover investigator into the store;

b) Under the alleged circumstances, given the de minimis value of the total alleged ineligible non-food items, a disqualification from SNAP participation is excessive;

c) According to the Agency's own records, ineligible items were sold within a three-day period and were of negligible value and negligible profit to the store.

16. The redactions in the investigator's report, and the Agency's failure to reveal the entry and departure times is designed to avoid the necessary disclosure of the period and amount of time the investigator spent in the store, and the true identification of the clerks, since plaintiff's own store records would reveal who was working at the time each purported investigation was conducted.

17. The allegations contained in the investigator's reports are incredible and untrustworthy where the same Agency investigator attempted to entrap plaintiff's clerk(s) into purchasing various items for the store, which the investigator was going to purchase with an EBT card in exchange for cash.[1]

18. The nature and total cost of the alleged common ineligible non-food items purchased at plaintiff's store is *de minimus*.

19. The aggregated total value of the alleged ineligible non-food items is nominal, and grossly disproportionate to the Agency's imposed sanction of a six-month SNAP disqualification, which is clearly excessive under the circumstances, even if plaintiff's

---

[1] This is violation of Section 271.2 of the SNAP regulations, which is commonly referred to as "trafficking," which can result in a retailer's permanent SNAP disqualification.



store clerks were deemed to have committed the errors constituting the alleged SNAP violations, which plaintiff categorically denies.

20. The fact that the Agency's investigator tried to entrap plaintiff's non-English speaking clerks into exchanging cash for SNAP benefits, and that the clerks refused to engage in such unlawful conduct weighs heavily in favor of plaintiff and should be taken into consideration in determining what would be an appropriate sanction.

21. It is inconceivable, and borders on outrageous to suppose—as the Agency has—that plaintiffs would jeopardize a solvent and successful business, and the sole source of his livelihood for the nominal profits that might have been earned from the sale of the alleged ineligible non-food items.

22. Disqualifying plaintiffs from SNAP participation due to allegedly failing to adequately train all clerks as to which items are/are not SNAP eligible will result in irreparable injury and damage to plaintiff's businesses unless the imposed disqualification is lifted.

23. The Agency's decision to disqualify plaintiff from SNAP is arbitrary and capricious, and even violates the Agency's own regulations.

24. Plaintiff has exhausted all available administrative remedies and are relying upon this court's judicial review as their only available means of redress.

**WHEREFORE,** plaintiff respectfully requests that this Court review and set aside the decision and determination of defendant United States Department of Agriculture, Food and Nutrition Service to disqualify plaintiff from participation in SNAP, and for any other relief that the court may deem to be just and proper.

Respectfully submitted,

THE PRIVACY FIRM PC
*Counsel for Plaintiff*



Dated: 4-Sep-2025

By: *s/ Joseph A. Bahgat*
Joseph A. Bahgat (Pro Hac Vice Pending)
1701 Walnut Street Suite 70354
P.O. Box 37635
Philadelphia PA 19101-0635
+1 (215) 995-5001
joe@privacyfirm.law